IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY REED | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 18-3377 |
| | § | |
| QUICKEN LOANS INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |

## QUICKEN LOANS INC.'S NOTICE OF REMOVAL

Quicken Loans Inc. ("Quicken Loans"), by and through its undersigned counsel, hereby gives Notice of Removal of the above-captioned case, currently pending in the 116th Judicial District Court of Dallas County, Texas as Cause No. DC-18-17794, to the United States District Court for the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  Pursuant to 28 U.S.C. § 1441, this case is removable because it presents claims that arise under the laws of the United States, and therefore satisfies the requirements of 28 U.S.C. § 1331.

As grounds for removal, Quicken Loans states as follows:

## BACKGROUND

1. On November 28, 2018, Plaintiff Jeremy Reed ("Plaintiff") filed the Complaint in this Action in the District Court of Dallas County, Texas, cause number DC-18-17794.

2. On December 3, 2018, Plaintiff served Quicken Loans with the Complaint.

3. The Complaint alleges that Quicken Loans sent text messages and made phone calls to Plaintiff without Plaintiff's prior express invitation or permission.

4. Based on those communications, the Complaint purports to assert two counts against Quicken Loans: (1) one count for violation of the Telephone Consumer Protection Act ("TCPA"), 27 U.S.C. § 227(b)(1)(A)(iii), and (2) one count for exemplary damages under Texas Civil Practice and Remedies Code § 41.001. Compl. ¶¶ 13-23.

**STATUTORY REQUIREMENTS FOR REMOVAL – 28 U.S.C. § 1331
(FEDERAL QUESTION JURISDICTION)**

5. This Court has original jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 because it "plainly 'aris[es] under' the 'laws . . . of the United States.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) (quoting 28 U.S.C. § 1331). In *Mims*, the Supreme Court held that the TCPA gives rise to federal question jurisdiction because "federal law creates the right of action and provides the rules of decision." *Id*. The Supreme Court's decision in *Mims* confirms that this Action is removable pursuant to 28 U.S.C. § 1331.

6. Even assuming it is a separate claim (as opposed to a request for relief not available under the TCPA), this Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a) because it arises out of the same alleged conduct as the TCPA claim. *See* Compl. ¶¶ 22-23. *See* 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

7. As it is entirely derivative of his TCPA claim, Plaintiff's state law claim neither raises novel or complex issues of state law, nor substantially predominates over the TCPA claim. *See* 28 U.S.C. § 1367(c).

8. Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367(a).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

9. The procedural requirements for removal are met here.

10. This Action may be removed because it is a civil action within the meaning of the acts of Congress relating to the removal of cases. *See* 28 U.S.C. § 1441.

11. Removal to this Court is proper pursuant to 28 U.S.C. §§ 124 and 1441(a), because the United States District Court for the Northern District of Texas is the federal judicial district embracing the District Court of Dallas County, Texas, where this action was originally filed. *See* 28 U.S.C. § 124(a)(1) (stating that the Dallas Division of the Northern District includes Dallas County).

12. This removal is timely because Quicken Loans removed the action within thirty days of being served the Complaint on December 3, 2018. *See* 28 U.S.C. § 1446(b)(1).

13. Pursuant to 28 U.S.C. § 1446(d), Quicken Loans is contemporaneously filing a Notice of Filing of Notice of Removal with the District Court of Dallas County, Texas. Quicken Loans is also serving on Plaintiff's counsel a notice of the removal of this action as well as a copy of the notice filed with the District Court of Dallas County.

14. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1(a)(4), a true and correct copy of the state court docket is attached hereto as **Exhibit A**. True and correct copies of all process, pleadings, orders, and other papers filed in the state court action as of the date of this removal, including an index of such documents, are attached hereto as **Exhibit B**.

15. Consent to removal is not required because, among other reasons, Quicken Loans is the only defendant in the action at this time.

16. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, in compliance with 28 U.S.C. § 1446(a).

17. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Nor is it required to be verified.

18. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met. If any questions arise as to the propriety of removal of this action, Quicken Loans requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of their position that this case is removable.

19. By filing this Notice of Removal, Quicken Loans does not waive and expressly reserves the right to object to service of process, the sufficiency of process, personal jurisdiction, or venue, and Quicken Loans specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

WHEREFORE, Quicken Loans removes the state court action from the District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, so that this Court may assume jurisdiction over the case as provided by law.

Respectfully submitted,

By: */s/ Mark G. Davis*
Mark G. Davis
State Bar No. 24096062
**GOODWIN PROCTER LLP**
901 New York Ave., N.W.
Washington D.C. 20001
Tel.: (202) 346-4000
Fax: (202) 346-4444
markdavis@goodwinlaw.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE AND NOTICE OF FILING

I certify that on December 21, 2018 this Notice of Removal was sent to the District Clerk of Dallas County, Texas, and that written notice of filing of the Notice of Removal was served electronically pursuant to Texas Rule of Civil Procedure 21a(a)(1) upon counsel of record for Plaintiffs.

                                                */s/ Mark G. Davis*
                                                Mark G. Davis

## CERTIFICATE OF SERVICE

I certify that on December 21, 2018 a correct copy of the foregoing Notice of Removal was filed with the Clerk of the Court via the Court's CM/ECF system and that a correct copy of same was served by U.S. Mail and electronic mail upon the following:

Lloyd Ward
Ward Legal Group, PLLC
12801 N. Central Expressway
North Central Plaza III, Suite 460
Dallas, Texas 75243
Tel. (214) 736-1846
Fax. (214) 736-1833

**Attorney for Plaintiff**

                                                */s/ Mark G. Davis*
                                                Mark G. Davis