# *EXHIBIT B-2*

*EXHIBIT B-2*

FILED
DALLAS COUNTY
11/28/2018 9:28 AM
FELICIA PITRE
DISTRICT CLERK

Alicia Mata

CAUSE NO.: DC-18-17794

| | | |
|---|---|---|
| **JEREMY REED** | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | F-116TH JUDICIAL DISTRICT |
| **QUICKEN LOANS, INC.** | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** JEREMY REED, Plaintiff, complaining of QUICKEN LOANS, INC., Defendant, and for cause would respectfully show the Court as follows:

### I. PARTIES

1. That at all relevant times, Plaintiff JEREMY REED is and has been an individual residing in Dallas, Dallas County, Texas.

2. Defendant QUICKEN LOANS, INC. is a foreign for-profit corporation, organized and existing under the law of the State of Michigan, authorized to do business in the State of Texas.

3. Whenever in this Petition it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, and/or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the routine and normal course and scope of employment of Defendant's officers, directors,

vice-principals, agents, servants, and/or employees under the doctrine of *respondeat superior*.[1] Accordingly, Real Party in Interest/Defendant had actual knowledge of all adverse actions and conduct against Relator/Plaintiff through Real Party in Interest/Defendant's respective officers, directors, vice-principals, agents, servants, and/or employees.

## II. SERVICE OF CITATION

4. Defendant QUICKEN LOANS, INC. may be served with process upon its registered agent CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever it may be found.

## III. JURISDICTION & VENUE

5. Jurisdiction and venue are proper in this Court because Dallas County is the county of Plaintiff's residence at the time the cause of action accrued and because the amount in controversy herein is greater than the minimum jurisdictional limits of this Court; pursuant to Rule 47 of the Texas rules of Civil Procedure, Plaintiff seeks monetary relief over $100,000 and non-monetary relief.

6. Pursuant to the Texas long-arm statute, this Court has personal jurisdiction over Defendant, a non-resident for-profit corporation, as Defendant has committed torts and/or acts or omissions in in whole or in part in the State of Texas against Plaintiff herein. Defendant has purposefully availed itself of the privilege of conducting activities within the State of Texas, is authorized to conduct business in the State of Texas, and is subject to the jurisdiction of the State of Texas, as evidenced by Defendant's repeated and systematic reliance upon purposeful and

---

[1] *Anderson v. City of Dall.*, No. 05-04-01449-CV, 2005 Tex. App. LEXIS 5115, at *16-17 (App.—Dallas July 1, 2005) (citing *DeWitt v. Harris County*, 904 S.W.2d 650, 654, 38 Tex. Sup. Ct. J. 916 (Tex.1995)).

continued relationships and contacts with Texas citizens, such as Plaintiff. Defendant seeks benefits, advantages and profits by availing itself in Texas through its business activities herein, and therefore not only has Defendant consented to be held accountable under the laws of this State, but due process is also satisfied as this Court exercises jurisdiction over Defendant under the Texas long-arm statute and minimum contacts test.

7. In addition to the foregoing, this Court is expressly granted jurisdiction with respect to Plaintiff's claims under the Telephonic Consumer Protection Act pursuant to 47 U.S.C. § 227(b)(3) and (c)(5).

## IV. FACTUAL BACKGROUND

8. JEREMY REED ("Mr. Reed") registered his cell phone number xxx-xxx-7575 with the Federal Trade Commission's National Do Not Call Registry ("NDNCR") on December 29, 2011, nearly seven (7) years ago. *See* Exhibit "A" attached hereto.

9. Although Mr. Reed's cell phone was registered with the NDNCR, between July 2018 and September 2018, the Defendant sent unsolicited text messages, phone calls and voice-mail messages to Mr. Reed's personal cell phone for the purpose of marketing real estate services. Those text message communications were made without the express invitation, permission, or consent of Mr. Reed. *See* Exhibit "B" attached hereto.

10. Although Mr. Reed's cell phone was registered with the NDNCR, he received the following: a July 24, 2018 Text Message, a July 25, 2018 Call/Voice-Mail Message; a July 26, 2018 Call/Voice-Mail Message; a July 27, 2018 Call/Voice-Mail Message; a July 28, 2018 Call/Voice-Mail Message; a July 30, 2018 Call/Voice-Mail Message, a July 31, 2018 Text Message – 1, and a July 31, 2018 Text Message – 2.

11.     The Defendant's text messages to Mr. Reed gave him the ability to opt-out of the communications, as is the industry standard, and Mr. Reed responded to the incoming text messages by sending a text message on July 31, 2018, after receiving the July 31, 2018 Text Message – 2, to "STOP." *See Id.* However, even though Mr. Reed was on the NDNCR, and in spite of his direct and unequivocal request that the Defendant STOP sending him the unsolicited text-messages, phone calls and voice-mail messages, the Defendant proceeded to make yet another unsolicited call to Mr. Reed in a July 31, 2018 Call/Voice-Mail Message, on the very afternoon he demanded the communications cease. The Defendant further made an August 1, 2018 Call/Voice-Mail Message; an August 2, 2018 Call/Voice-Mail Message; and an August 9, 2018 Text Message, upon receipt of which Plaintiff again responded to Defendant to "STOP." Defendant further sent an August 14, 2018 Text Message and a September 13, 2018 Text Message.

12.     In total, Defendant sent a total of six (6) unsolicited text messages and eight (8) unsolicited phone calls resulting in voice-mail messages made by the Defendant for the purpose of marketing real estate services, all to Mr. Reed's personal cell phone ending in 7575. *See Id*.

## V. CAUSES OF ACTION

### COUNT 1
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

13.     Plaintiff realleges and incorporates by reference all of the foregoing allegations to the same extent as if set forth in full.

14.     The Telephone Consumer Protection Act, 47 U.S.C. § 227, specifically provides, *inter alia,* as follows:

> **(b) Restrictions on use of automated telephone equipment**
> **(1) Prohibitions**
> It shall be unlawful for any person within the United States…

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -...
>> (iii) to any telephone number assigned to a ... cellular telephone service ....

47 U.S.C. § 227(b)(1)(A)(iii).

15. In addition to the express statutory prohibition against any automated phone calls by an entity to a private cell phone to which the Act applies, the TCPA, through regulations promulgated by the Federal Trade Commission ("FTC"), further prohibits any telephonic communications with a person or telephone number listed on the NDNCR.

16. With respect to damages available in the event of violations of the Act and/or regulations pertaining to same, the TPCA further provides:

> **(3) Private right of action**
> A person ... may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-
>> **(B)** an action to recover ... $500 in damages for each such violation
>> ...

47 U.S.C. § 227(b)(3)(B).

17. As outlined above, the Defendant has not only violated the Act though its barrage of calls to the Plaintiff, calls which were not made for emergency purposes and which were made without the prior express consent of Mr. Reed, as well as Defendant's numerous automated text messages to Plaintiff's private cell phone—but Defendant did so after being expressly instructed in writing to cease all such communications. Furthermore, such communications were all made despite Plaintiff's status as a listed member of the NDNCR.

18. By virtue of the foregoing, Plaintiff is entitled to $500.00 in statutory damages for each call and text message made by the Defendant to his personal cell phone in contravention of 47 U.S.C. § 227(b)(1)(A)(iii), for a total of $7,000.00.

19. Plaintiff is further entitled to an additional $500.00 in statutory damages for each call and text message made by the Defendant to Mr. Reed's personal cell phone during all times in which Plaintiff was listed on the NDNCR, such times comprising the entirety of all events described herein for an additional $7,000.00, which in total is $14,000.00.

20. In addition to the statutory damages previously set forth above, the TCPA further provides:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

21. Because of the sheer number and persistence of the calls and text messages to Plaintiff's cell phone, Plaintiff's status on the NDNCR, and because the Defendant was specifically instructed by Plaintiff to cease all such harassing activities, Plaintiff would submit that the evidence fully supports a finding of knowing and willful misconduct on the part of the Defendant. As such, Plaintiff requests that the statutory damages for each violation of the Act be trebled pursuant to 47 U.S.C. § 227(b)(3)(C). As each violation was already valued at a $1,000.00 statutory penalty, then trebled damages totals 14 violations at $3,000.00 per violation for a total of $42,000.00.

## COUNT 2
## EXEMPLARY DAMAGES

22. Plaintiff realleges and incorporates by reference all of the foregoing allegations to the same extent as if set forth in full.

23. Plaintiff would show that the conduct of Defendant as described above constitutes "gross negligence" and/or "malice," as those terms are defined at §41.001 of the Texas Civil Practice and Remedies Code. The Defendant "acted with knowledge of falsity or reckless disregard for the truth" and/or malice. *Brady v. Klentzman*, 15-0056, 2017 WL 387217, at *1 (Tex. Jan. 27, 2017) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349). Because of Defendant's intentional wrongful acts, Plaintiff is entitled to recover exemplary damages in an amount not less than two times the amount of economic damages, plus an amount equal to any noneconomic damages found by the jury. Plaintiff therefore brings suit for the assessment and recovery of exemplary damages in an amount as may be necessary to punish Defendant and to deter others with similar lawless inclinations in the future.

## VI. INTEREST AND COURT COSTS

24. The Plaintiff may recover pre- and post-judgment interest. *See Johnson v. Higgins*, 962 S.W.2d 507, 528 (Tex. 1998). The Plaintiff may recover court costs if the damages awarded are more than $20.00. *See* Tex. R. Civ. P. 137.

## VII. REQUESTS FOR DISCLSOURE

25. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this Plaintiff's Requests for Disclosure to Defendant.

## VIII. NOTICE OF USE OF DOCUMENTS

26. Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiff hereby gives notice to Defendants that he intends to use all discovery products, responses, and documents

exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

### IX. JURY DEMAND

27.  Plaintiff demands a trial by jury.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that:

a)  Plaintiff recover from the Defendants actual and/or statutory damages, including trebled damages, for the Defendants violations of the Telephone Consumer Protection Act;
b)  Plaintiff recover exemplary damages as requested above;
c)  That attorney's fees be awarded against Defendants;
d)  Pre-judgment and post-judgment interest as allowed by law;
e)  Costs of court; and
f)  All such other and additional relief, both general and special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**WARD LEGAL GROUP, PLLC**
12801 N. Central Expressway
North Central Plaza III, Suite 460
Dallas, Texas 75243
Tel. (214) 736-1846
Fax (214) 736-1833

By:   /s/Lloyd Ward
Lloyd Ward, State Bar No. 20845100
Email: lward@lloydward.com
**ATTORNEYS FOR PLAINTIFF**

# National Do Not Call Registry - Your Registration Is Confirmed

**Verify@DonotCall.gov**

Tue 10/2/2018 1:17 PM

To: Lauren Harris <lauren@lahlegal.com>;

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 7575 on December 29, 2011. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

*************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.



EXHIBIT "A"





**262-93**

Text Message
Tue, Jul 24, 3:41 PM

Quicken Loans: How do you want your mortgage? Call an Expert (888) 870-9102 or Start Online http://m.qloans.co/EQgU-bg0 Reply HELP for help and STOP to cancel

Tue, Jul 31, 11:11 AM

Quicken Loans: Don't miss this opportunity. Get a cash out refinance before rates go up http://m.qloans.co/TY-fJrPk . Reply HELP for help STOP to cancel

Quicken Loans: Find the mortgage that works for you, right on your phone. Start online: http://m.qloans.co/QMiPB7Y0 Reply HELP for help or STOP to cancel



EXHIBIT "B"

STOP

  

**262-93**

> . Reply HELP for help STOP to cancel

> Quicken Loans: Find the mortgage that works for you, right on your phone. Start online: http://m.qloans.co/QMiPB7Y0 Reply HELP for help or STOP to cancel

> STOP

> QLTextAlerts: You are unsubscribed & will no longer receive messages from us. Reply HELP for help. Msg&Data Rates May Apply. 1-800-863-4332

Thu, Aug 9, 3:28 PM

> Quicken Loans Rate Alert: Rates have dipped! Get started online: http://m.qloans.co/Jx1FC9BU Reply HELP for Help or STOP to Cancel

  Text Message 

  



Thu, Aug 9, 4:48 PM

STOP

QLTextAlerts: You are unsubscribed & will no longer receive messages from us. Reply HELP for help. Msg&Data Rates May Apply. 1-800-863-4332

Tue, Aug 14, 10:22 AM

Quicken Loans: Use Rocket Mortgage, import your assets and get a reduction on today's rates! http://m.qloans.co/G8uHy1qE . Reply HELP for help STOP to cancel

Today 4:30 PM

Quicken Loans: Special pricing extended! Lock your rate today to save. http://m.qloans.co/ISFCXRg0  Reply HELP for Help, STOP to Cancel

  Text Message 

11:48

Greeting                                          Edit

# Voicemail

| | | |
|---|---|---|
| **(469) 680-4982** <br> Hiya: ⚠ Telemarketer | 8/2/18 <br> 0:12 | ⓘ |
| **(469) 680-4982** <br> Hiya: ⚠ Telemarketer | 8/1/18 <br> 0:18 | ⓘ |
| **(469) 680-4982** <br> Hiya: ⚠ Telemarketer | 7/31/18 <br> 0:10 | ⓘ |
| **(469) 680-4982** <br> Hiya: ⚠ Telemarketer | 7/30/18 <br> 0:13 | ⓘ |
| **(469) 680-4982** <br> Hiya: ⚠ Telemarketer | 7/28/18 <br> 0:26 | ⓘ |
| **(469) 680-4982** <br> Hiya: ⚠ Telemarketer | 7/27/18 <br> 0:11 | ⓘ |
| **(469) 680-4982** <br> Hiya: ⚠ Telemarketer | 7/26/18 <br> 0:11 | ⓘ |
| **(469) 680-4982** <br> Hiya: ⚠ Telemarketer | 7/25/18 <br> 0:12 | ⓘ |

**Deleted Messages** ＞

    

Favorites    Recents    Contacts    Keypad    **Voicemail**