IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY REED, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | Case No. 3:18-cv-3377-K | |
| § | | |
| QUICKEN LOANS, INC., § | | |
|    Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Quicken Loans, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint. Mot. (ECF No. 8). For the reasons stated below, the District Court should GRANT Defendant's motion.

**Background**

Plaintiff Jeremy Reed filed his lawsuit against Defendant Quicken Loans, Inc. on November 28, 2018, in state court. Compl. 1 (ECF No. 1-4). Defendant removed Plaintiff's action to federal court on December 21, 2018. Notice (ECF No. 1). Plaintiff alleges that he registered his cell phone number with the Federal Trade Commission's National Do Not Call Registry (NDNCR) on December 29, 2011. Compl. 4. Even so, Plaintiff asserts that Defendant sent unsolicited text messages, phone calls, and voicemails to Plaintiff's personal cell phone to market real estate services. *Id.* Plaintiff contends he did not expressly invite, permit, or consent to Defendant's text-message communications. *Id.* Specifically, he alleges Defendant sent him a text message on July 25, 2018, two on July 31, 2018, and one on August

1

9, 14, and September 13, 2018. *Id.* 4-5. Plaintiff also alleges that Defendant called him and left voicemails on July 25, 26, 27, 28, 30, 31, and August 1 and 2, 2018. *Id.* In total, Plaintiff maintains he received six unsolicited text messages and eight unsolicited phone calls with voicemail messages from Defendant. *Id.* 5. Defendant's text messages indicated Plaintiff could opt out of future messages; Plaintiff replied "STOP" to Defendant's second text message sent on July 31, 2018, and its text message sent on August 9, 2018. *Id.*

Plaintiff asserts Defendant's communications violated the Telephone Consumer Protection Act (TCPA). Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim. Mot. The Motion is fully briefed and ripe for determination.

## Legal Standards and Analysis

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks and citation omitted). To survive Defendant's Motion to Dismiss, therefore, Plaintiff's Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual

allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

3

## TCPA

Plaintiff brings a claim against Defendant under 47 U.S.C. § 227(b)(3)(B), which provides for a private right of action under the Telephone Consumer Protection Act. The TCPA prohibits persons:

> within the United States, or . . . outside the United States if the recipient is within the United States— . . . [from] mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(1)(A)(iii). Thus, "[a] [TCPA] violation occurs if: '(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.'" *Adams v. Safe Home Sec. Inc.*, 2019 WL 3428776, at *1 (N.D. Tex. July 30, 2019) (Lynn, C.J.) (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)). An "automatic telephone dialing system" (ATDS) is defined as "equipment which has the capacity—to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1). "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016).

Defendant moves to dismiss Plaintiff's Complaint "because the Complaint nowhere alleges that he was called or texted using an ATDS." Def.'s Br. Support 3 (ECF No. 9). "Simply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim." *Cunningham v. Nationwide Sec. Sols., Inc.*, 2017 WL 10486988, at *3 (N.D. Tex. Nov. 2, 2017) (Lynn, C.J.) (citing *Cunningham v. TechStorm, LLC*, 2017 WL 721079, at *3 (N.D. Tex. Feb. 23, 2017) (Lynn, C.J.)). Nonetheless, "'[c]ourts have noted the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery," and have found allegations of calls including "dead-air time" sufficient to allege the use of an ATDS. *Adams*, 2019 WL 3428776, at *1 (quoting *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129 (W.D. Wash. 2012); *TechStorm, LLC*, 2017 WL 721079, at *3) (finding plaintiff's allegation "that each of the phone calls she received began with a pause of several seconds" sufficient to plead the use of an ATDS). In his Complaint, Plaintiff alleges that Defendant "violated the Act through its barrage of calls . . . [and] numerous automated text messages to Plaintiff's private cell phone . . . after being expressly instructed in writing to cease all such communications." Compl. 6. Though Plaintiff avers the text messages were "automated" he does not plead that the text messages or phone calls were "placed with an ATDS that randomly or sequentially generated his number," nor does he assert that the phone calls included "dead-air time" indicative of use of an ATDS.

Plaintiff includes additional factual allegations describing the nature of the calls and text messages in his Response. *See* Pl.'s Resp. 5-6 (ECF No. 10).

5

"Generally, if the Court is presented with matters outside the pleadings in deciding a 12(b)(6) motion and does not exclude them, the motion must be treated as one for summary judgment." *TechStorm*, 2017 WL 721079, at *2 (citing Fed. R. Civ. P. 12(d)). "'Otherwise, a court must limit itself to the contents of the pleadings, including attachments thereto.'" *Id.* (quoting *Tornado BUS Co. v. BUS & Coach Am. Corp.*, 2015 WL 11120584, at *1 (Dec. 15, 2015) (Lynn, J.)). Because the Court has not given notice that it would consider facts outside the pleadings, it will only consider factual allegations in the pleadings. *See id.* Accordingly, the Court finds the facts, as alleged, do not allow the Court to infer more than the mere possibility of misconduct. Plaintiff, therefore, has failed to state claim under the TCPA.

In his Response, Plaintiff also contends that Defendant violated 47 C.F.R. § 64.1200(c)(2), which prohibits soliciting people by telephone whose phone numbers are on the NDNCR. Pl.'s Resp. 3. However, Plaintiff does not specifically refer to this regulation in his Complaint. Rather, he states that the TCPA "through regulations promulgated by the Federal Trade Commission . . . prohibits any telephonic communications with a person or telephone number listed on the NDNCR," and that Defendant communicated with Plaintiff "despite [his] status as a listed member of the NDNCR." Compl. 6. To assert a claim that Defendant violated a regulation under the TCPA, Plaintiff must identify that regulation in his Complaint.

Additionally, Plaintiff appears to assert a separate "claim" for exemplary damages under Texas Civil Practice and Remedies Code § 41.003.[1] However, "[a] cause of action for punitive damages cannot be brought as a stand-alone claim." *See Stanissis v. DynCorp Int'l LLC*, 2015 WL 9478184, at *12-13 (N.D. Tex. Dec. 29, 2015) (Fitzwater, J.) (citing Tex. Civ. Prac. & Rem. Code § 41.003(a) ("[E]xemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence."); *id.* at § 41.001(5) ("'Exemplary damages' includes punitive damages.")). Because Plaintiff fails to sufficiently plead a TCPA claim, the Court pretermits consideration of damages under the TCPA. However, even if Plaintiff had successfully stated a claim under the TCPA, § 41.003(a) makes plain that it provides for damages upon a showing of fraud, malice, or gross negligence. Plaintiff states that Defendant's conduct "constitutes 'gross negligence' and/or 'malice,' as those terms are defined at §41.001," but he does not plead a separate negligence cause of action. *See* Compl.

In his Response, Plaintiff also appears to assert new claims for invasion of privacy and gross negligence. Pl.'s Resp. 9. Plaintiff states that his "pleading of Quicken Loans' violation is the claim of an intentional invasion of a right of privacy and a recognized tort"; that "if Quicken Loans did not check the National Do Not

---

[1] Plaintiff does not specifically name § 41.003, but refers to "'gross negligence' and/or 'malice,' as those terms are defined at § 41.001 of the Texas Civil Practice and Remedies Code," in connection with his "exemplary damages" claim. Compl. 8.

Call Registry prior to directing it [sic] steam [sic] of calls to Reed that is evidence of negligence"; and that "[i]f Quicken Loans did check the National Do Not Call Registry and knew of Reed's election [to be on the NDNCR] that is evidence of an intentional violation." *Id.* 9. But Plaintiff does not assert claims for gross negligence or invasion of privacy in his Complaint, and he is not now "entitled to add new claims to his complaint by way of his response." *Sheddy v. JPMorgan Chase Bank, N.A.*, 2013 WL 5450288, at *5 (N.D. Tex. Sept. 30, 2013) (citing *Bennett v. JPMorgan Chase,* 2013 WL 655059, at *7 n.7 (N.D. Tex. Feb. 5, 2013), *adopted by* 2013 WL 655054 (N.D. Tex. Feb. 22, 2013) (refusing to consider new claim raised for first time in response to motion to dismiss)).

Nonetheless, "new claim[s] or legal theor[ies] raised in response to a dispositive motion should be construed as a request for leave to amend the complaint, and the district court should determine whether leave should be granted." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (*Stover v. Hattiesburg Pub. Sch. Dist.,* 549 F.3d 985, 989 n.2 (5th Cir. 2008)). "New *factual allegations* however, need not be so construed unless plaintiff explicitly requests leave to amend . . . ." *Id.* at 200 n.6 (emphasis in original) (citing *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 387 (5th Cir. 2003). Accordingly, the Court construes the new claims that Plaintiff raises in his Response to be a request for leave to amend.

"'Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend.'" *Marucci*

8

*Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., LP,* 427 F.3d 987, 994 (5th Cir. 2005)). But district courts have discretion in granting leave to amend "and may consider a variety of factors including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Marucci*, 751 F.3d at 378 (internal citation and quotation marks omitted). Because Plaintiff has not yet amended his Complaint, and this is his first opportunity to hear what the Court perceives as deficiencies in his pleading, the Court finds that Plaintiff should be granted leave to amend. *See Pierce*, 600 F. App'x at 200 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002))("Generally, courts should give plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case under Rule 12(b)(6).").

## RECOMMENDATION

For the foregoing reasons, the Court should GRANT Defendant Quicken Loans, Inc.'s Motion to Dismiss, (ECF No. 8), and DISMISS Plaintiff's claims against it without prejudice. The Court should also GRANT Plaintiff leave to amend his Complaint.

**SO RECOMMENDED.**

September 3, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).