**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JEREMY REED** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:18-cv-03377-K** |
| | § | |
| **QUICKEN LOANS INC.** | § | **ORAL ARGUMENT REQUESTED** |
| | § | |
| **Defendant.** | § | |
| | § | |

**BRIEF IN SUPPORT OF QUICKEN LOANS INC.'S PARTIAL
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
OR IN THE ALTERNATIVE TO STAY THE CASE IN ITS ENTIRETY**

**Table of Contents**

**Page**

**MOTION** ................................................................................................................ 1

**INTRODUCTION** .................................................................................................. 2

**ARGUMENT** ......................................................................................................... 3

      **I.**      **The Motion to Dismiss Standard.** ........................................................ 3

      **II.**     **The Allegations in the FAC Still Fail to Plead the ATDS Element of Count 2.** ....................................................................................................... 5

      **III.**    **Plaintiff Fails to State a Claim for Invasion of Privacy Under Texas Law.** ........................................................................................................... 8

      **IV.**    **If the Court Does Not Dismiss the FAC, it Should Stay the Case in the Alternative Because of a Pending Petition for Certiorari to the U.S. Supreme Court.** .......................................................................................... 9

**CONCLUSION** .................................................................................................... 11

**REQUEST FOR ORAL ARGUMENT** ................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACA Int'l v. FCC,*
    885 F.3d 687 (D.C. Cir. 2018) ................................................................6, 7

*Adams v. Safe Home Sec. Inc.,*
    2019 WL 3428776 (N.D. Tex. July 30, 2019) ....................................6, 7

*Air Line Pilots Ass'n v. Miller,*
    523 U.S. 866 (1998) ...........................................................................10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...........................................................................4, 6

*Bader v. Navient Sols., LLC,*
    2019 WL 2491537 (N.D. Ill. June 14, 2019) .....................................6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .......................................................................3, 4, 5

*Clark v. Avatar Techs. Phl, Inc.,*
    2014 WL 309079 (S.D. Tex. Jan. 28, 2014) ......................................3

*Cummings v. Rushmore Loan Mgmt. Serv.,*
    2017 WL 4005455 (M.D. Fla. Sept. 12, 2017) ..................................6

*Cunningham v. Greenstar Capital Sols., LLC,*
    2018 WL 4572711 (E.D. Tex. Aug. 1, 2018) ...................................8, 9

*Cunningham v. Mark D. Guidubaldi & Assocs., LLC,*
    2019 WL 1119365 (E.D. Tex. Jan. 11, 2019) ..................................8, 9

*Cunningham v. Politi,*
    2019 WL 2517085 (E.D. Tex. Apr. 30, 2019) ................................4, 8, 9

*Cunningham v. TechStorm LLC,*
    2017 WL 721079 (N.D. Tex. Feb. 23, 2017) (Lynn, J.) .........................4

*Curry v. Synchrony Bank, N.A.,*
    2015 WL 7015311 (S.D. Miss. Nov. 12, 2015) ...................................2

*Duguid v. Facebook, Inc.,*
    No. 17-15320 (9th Cir.), Dkt. No. 50 ...................................................10

*Duguid v. Facebook, Inc.*,
   No. 19-511 (filed Oct 17, 2019) ...................................................................1, 9

*Fishman Jackson PLLC v. Israely*,
   180 F. Supp. 3d 476 (N.D. Tex. 2016) ...............................................................10

*Lambert v. Buth-Na-Bodhaige, Inc.*,
   2014 WL 4187250 (E.D. Cal. Aug. 21, 2014) ......................................................11

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ...........................................................................................10

*Lord v. Kisling, Nestico & Redick, LLC*,
   2018 WL 3391941 (N.D. Ohio July 12, 2018) .....................................................2, 8

*Marshall v. CBE Grp., Inc.*,
   2018 WL 1567852 (D. Nev. Mar. 30, 2018) ..........................................................6

*McGinty v. Tracfone Wireless, Inc.*,
   5 F. Supp. 3d 1337 (M.D. Fla. 2014) ....................................................................2

*Micrografx, LLC v. Google, Inc.*,
   2014 WL 12580455 (N.D. Tex. July 9, 2014) .................................................10, 11

*Morales v. Barnes*,
   2017 WL 6759190 (Tex. App.—Dallas Dec. 29, 2017, no pet.) ..............................4

*Pinkus v. Sirius XM Radio, Inc.*,
   319 F. Supp. 3d 927 (N.D. Ill. 2018) .....................................................................6

*Rallo v. Palmer Admin. Servs.*,
   2019 U.S. Dist. LEXIS 56938 (D. Colo. Apr. 3, 2019) ...........................................5

*Smith v. Aitima Med. Equip., Inc.*,
   2016 WL 4618780 (C.D. Cal. July 29, 2016) ..........................................................5

*Snow v. GE*,
   2019 U.S. Dist. LEXIS 99760 (E.D. N.C. June 14, 2019) .......................................7

*SuperMedia Inc. v. Bell*,
   2012 WL 5389683 (N.D. Tex. Nov. 2, 2012) .........................................................10

*Trumper v. GE Capital Retail Bank*,
   79 F. Supp. 3d 511 (D.N.J. 2014) ..........................................................................7

*Valenzuela v. Aquino*,
   853 S.W.2d 512 (Tex. 1993) ..................................................................................4

*Weaver v. Wells Fargo Bank N.A.*,
   2015 WL 4730572 (M.D. Fla. Aug. 10, 2015) ........................................................................2

**Statutes**

47 U.S.C. § 227 ..............................................................................................................4, 5, 6

**Other Authorities**

47 C.F.R. § 64.1200(c) ...........................................................................................................1

1991, 30 FCC Rcd. 7961 (2015) ...........................................................................................4

Local Rule 7.1 ........................................................................................................................1

Federal Rule of Civil Procedure 1 .....................................................................................1, 8

Fed. R. Civ. P. Rule 8(a) ...............................................................................................1, 3, 11

Fed. R. Civ. P. Rule 12(b)(6) .........................................................................................1, 3, 11

**L.R. 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1, the motion to stay in the alternative is presumed to be opposed.  Quicken Loans attempted to confer via email on October 25, 2019 between W. Kyle Tayman, counsel for Quicken Loans and Lloyd Ward, counsel for Plaintiff, having only recently learned of the circumstances favoring a stay in the alternative to dismissal. Quicken Loans will immediately inform the Court should there be any change to the Parties' position as to that portion of the motion.

**MOTION**

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Quicken Loans Inc. ("Quicken Loans") moves to dismiss Counts II and III[1] of the First Amended Complaint ("FAC") filed by Plaintiff Jeremy Reed ("Plaintiff"), because both Counts fail to state a claim upon which relief can be granted.

Quicken Loans requests in the alternative that, pursuant to Federal Rule of Civil Procedure 1 and the Court's inherent discretion, it stay the case to allow time for the United States Supreme Court to consider a petition for *certiorari* in *Duguid v. Facebook, Inc.*, No. 19-511 (filed Oct 17, 2019).   In that case, the Supreme Court is being asked to review (a) the constitutionality of the Telephone Consumer Protection Act's ("TCPA") automated telephone dialing system ("ATDS") provision—the provision that Plaintiff alleges was violated in Count 2

---

[1] Given this partial motion to dismiss, no answer is required to Count I of the FAC at this time. To the extent a further response to Count I may be required, Quicken Loans denies Plaintiff's claim in Count I, and denies and disputes the allegations made in support of that claim.  In Count I, Plaintiff alleges the subject calls and texts violated 47 C.F.R. § 64.1200(c) because Plaintiff's number was purportedly on the national Do-Not-Call registry and he did not consent to receive the calls.  As Quicken Loans intends to demonstrate if this case proceeds, Plaintiff's claim in Count I fails as a matter of law and indisputable fact because, among other reasons, he did consent to receive the calls and text messages from Quicken Loans.

1

and is the predicate for his state law claim in Count 3; and (b) the meaning of the statutory definition of an ATDS that is a predicate element for Plaintiff's claim in Count 2.  If the Supreme Court accepts *certiorari*, its ultimate ruling will affect the outcome of this Motion and this lawsuit.

## **INTRODUCTION**

This is Plaintiff's second complaint in this action and second failed attempt to state a TCPA ATDS claim against Quicken Loans.  Plaintiff's first attempt "failed to state a claim under the TCPA" and so was dismissed by this Court with leave to amend to allow Plaintiff the opportunity to correct the complaint's deficiencies.  ECF No. 16 & 18.  Although the Court gave Plaintiff clear guidance that the original complaint failed because it did not "plead that the text messages or phone calls were 'placed with an ATDS that randomly or sequentially generated his number'" (*id.* at 5), Plaintiff utterly ignored the Court's ruling and again makes insufficient allegations that simply regurgitate the statutory text and are devoid of any factual enhancement. The reason for Plaintiff's failure is obvious—he can plead no such claim because there are no facts to support his conclusory allegations that are based only on his "belief" that Quicken Loans used an ATDS.

Indeed, consistent with this Court's prior dismissal order in this case, numerous courts have dismissed TCPA cases just like this one for want of plausible factual allegations about the use of an ATDS.  *Lord v. Kisling, Nestico & Redick, LLC*, No. 17-cv-1739, 2018 WL 3391941, at *3 (N.D. Ohio July 12, 2018); *Curry v. Synchrony Bank, N.A.*, No. 15-cv-322, 2015 WL 7015311, at *2 (S.D. Miss. Nov. 12, 2015); *Weaver v. Wells Fargo Bank N.A.*, No. 15-cv-1247, 2015 WL 4730572, at *3 (M.D. Fla. Aug. 10, 2015); *McGinty v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014).  This Court should do the same and dismiss Count II with

prejudice because Plaintiff has now twice failed to provide the requisite factual allegations to support his bald ATDS claim. *Clark v. Avatar Techs. Phl, Inc.*, 2014 WL 309079, at *4 (S.D. Tex. Jan. 28, 2014) (noting general practice requires only one opportunity to amend before dismissing an inadequate complaint with prejudice).

Similarly, Plaintiff's attempt to add a new common law claim to the FAC for an intentional invasion of privacy suffers from the same fundamental pleading defects.  An intentional invasion of privacy is only actionable under the circumstances where there is a physical intrusion or eavesdropping on another's conversation with the aid of wiretaps, microphones, or spying, and is "highly offensive" to a reasonable person.  Plaintiff makes no factual allegations to plead any of these elements.  As a result, he fails to state a claim and Count 3 must also be dismissed.

If the Court is not inclined to grant dismissal, Quicken Loans requests, in the alternative, that the Court stay this action so the Supreme Court can resolve the existing circuit split regarding the constitutionality of the TCPA's ATDS provision and the proper interpretation of the ATDS statutory definition.

## **ARGUMENT**

### I.    **The Motion to Dismiss Standard.**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must meet Rule 8(a)'s pleading requirements and allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Pursuant to this standard, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," as pled here, "will not do." *Id.* at 555 (alteration in original) (citation omitted). "Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). "To satisfy plausibility, a plaintiff must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cunningham v. TechStorm LLC*, No. 3:16-CV-2879-M, 2017 WL 721079, at *1 (N.D. Tex. Feb. 23, 2017) (Lynn, J.) (quoting *Iqbal*, 556 U.S. at 678).

To state a claim under the TCPA's ATDS cellphone provision, a complaint must allege plausible, factual allegations that the challenged calls or texts were placed (i) using an ATDS or prerecorded message, (ii) to a cellular phone number, (iii) of which plaintiff was the authorized user or subscriber at the time of challenged calls, and (iv) without his or her consent. In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 8000-01 ¶ 73 (2015); 47 U.S.C. § 227(b)(1)(A)(iii).

To state a common law claim for invasion of privacy, a complaint must allege "(1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person." *Cunningham v. Politi*, 2019 WL 2517085, at *7 (E.D. Tex. Apr. 30, 2019), *report and recommendation adopted*, 2019 WL 2524737 (E.D. Tex. June 19, 2019), *quoting Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993).  An intrusion claim must allege "a physical intrusion or eavesdropping on another's conversation with the aid of wiretaps, microphones, or spying." *Id.* (citing *Morales v. Barnes*, 05-17-00316-CV, 2017 WL 6759190, at *5 (Tex. App.—Dallas Dec. 29, 2017, no pet.)).

Application of these well-established standards here demonstrates that Plaintiff has failed to state either a cellphone-provision claim or an invasion of privacy claim, and Counts 2 and 3 of the FAC must be dismissed.

**II.**     **The Allegations in the FAC Still Fail to Plead the ATDS Element of Count 2.**

The FAC fails to plead any plausible factual allegations from which this Court could conclude that any calls or texts were made using an ATDS—a required element of Plaintiff's TCPA cellphone provision cause of action in Count 2.

First, Plaintiff's conclusory allegation that Quicken Loans used "hardware and software with the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial number (*sic*), in an automated fashion without human intervention," without more, is insufficient.  FAC ¶ 30.  As this Court outlined in clear fashion in its prior ruling, Plaintiff must plead allegations allowing "the Court to infer more than the mere possibility of misconduct."  Dkt. 16, at 5.  To do that, Plaintiff must plead factual allegations from which this Court could conclude that it was plausible "that the text messages or phone calls were 'placed with an ATDS that randomly or sequentially generated his number.'"  *Id.*  He did not.  In fact, he made no substantive effort to heed the Court's ruling in any manner, and once again, regurgitated the statutory text.  As such, the FAC again fails to state a TPCA claim against Quicken Loans because it provides none of the factual enhancement necessary to plead the ATDS element, and copying and pasting the text of Section 227(a)(1) is not enough.  *Twombly*, 550 U.S. at 555; *see also Rallo v. Palmer Admin. Servs.*, 2019 U.S. Dist. LEXIS 56938 (D. Colo. Apr. 3, 2019) (recommending dismissal for failure to allege ATDS element where Plaintiff merely recited the statutory definition).

Simply put, Plaintiff was provided clear guidance by the Court, given a second chance to state a claim, but added "no facts that allow the Court to shift from speculation to a plausible inference" that he was called with an ATDS.  *Smith v. Aitima Med. Equip., Inc.*, No. 16-00339, 2016 WL 4618780, at *6 (C.D. Cal. July 29, 2016).  This type of conclusory pleading devoid of

factual enhancement is insufficient to bring Plaintiff's claims across the line from speculative to plausible. *See Cummings v. Rushmore Loan Mgmt. Serv.*, 2017 WL 4005455, at *3 (M.D. Fla. Sept. 12, 2017) (dismissing TPCA claim; "a plaintiff must provide allegations about the *circumstances* of the calls received in order to raise the inference that an ATDS was used.") (emphasis added). Count 2 should be dismissed again—this time with prejudice.

Second, Plaintiff's conclusory allegations based "on information and belief" that Quicken Loans uses equipment that is "substantially similar to, a predictive dialer" and can make numerous phone calls "simultaneously and automatically" are irrelevant to cure Count 2 (putting aside that the allegations are factually false). FAC ¶ 30. FCC guidance holding that "predictive dialers" meet the definition of an ATDS has been expressly rejected and vacated, with the D.C. Circuit concluding instead that predictive dialers do not meet the definition of an ATDS absent random or sequential number generation. *ACA Int'l v. FCC*, 885 F.3d 687, 703 (D.C. Cir. 2018) (holding that "at least some predictive dialers [do not qualify as an ATDS because they] have no capacity to generate random or sequential numbers"). Plaintiff's speculation (devoid of factual allegations) about the use of a predictive dialer thus cannot, as a matter of law, plead the ATDS element of his claim because predictive dialers are not synonymous with the use of an ATDS. *Adams v. Safe Home Sec. Inc.*, No. 3:18-CV-03098-M, 2019 WL 3428776, at *4 (N.D. Tex. July 30, 2019) ("[Section] 227 does not prohibit the use of predictive dialers as they fall outside the definition of an ATDS."); *Bader v. Navient Sols., LLC*, 2019 WL 2491537, at *2 (N.D. Ill. June 14, 2019) (dismissing insufficient claim based on use of a "predictive dialer"; granting judgment on the pleadings); *Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 934-36 (N.D. Ill. 2018); *Marshall v. CBE Grp., Inc.*, No. 16-02406, 2018 WL 1567852, at *7 (D. Nev. Mar. 30, 2018); *see also Iqbal*, 556 U.S. at 680 (allegations of unlawful conduct are implausible when the

conduct is more likely explained by lawful behavior).

    *Third*, even if a predictive dialer qualified as an ATDS (and it does not), Plaintiff has advanced no factual allegations to support that he was called with a predictive dialer.  Generally speaking, a predictive dialer is one that opens a line and dials a call recipient, and only after the recipient answers is the caller's representative connected to the call, thus resulting in "dead-air time" that, pre-*ACA International*, suggested the use of a predictive dialer.  *Adams v. Safe Home Sec. Inc.*, 2019 WL 3428776 (N.D. Tex. July 30, 2019).   Here, Plaintiff pleads no factual allegations about "dead-air time" or any other facts from which this Court could reasonably infer that any of the challenged calls were made with such a device.

    *Finally*, Plaintiff's allegation that he received calls to a specific telephone number in an effort to reach a particular person (FAC ¶¶ 13, 17, 29) are wholly inconsistent with any claim that the number called was randomly or sequentially generated.  *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 512 (D.N.J. 2014) (dismissing ATDS claim because "it appear[ed] that the calls were directed at [a third party] . . . [a]ccordingly, it appears that the calls were not random").[2]

    As Plaintiff has now failed to plead the ATDS element of his TCPA cellphone provision claim multiple times, Count 2 of the FAC should be dismissed, with prejudice.  *Snow v. GE*, 2019 U.S. Dist. LEXIS 99760 (E.D. N.C. June 14, 2019) (dismissing TCPA claim with prejudice because plaintiff did not allege that texts were sent using equipment that had the capacity to store

---

[2]  The Court should disregard Plaintiff's assertion that "Quicken advertises its use of automated dialing technology on its website."  While Plaintiff fails to identify the website he purports to quote from, the text comes from Quicken Loans' Terms of Use page.  https://www.quicken loans.com/about/legal/terms-of-use.  It is thus entirely false that this language is somehow an "advertis[ement]," as Plaintiff alleges, but it is instead a disclosure that is sadly necessary in light of the proliferation of frivolous TCPA lawsuits, like this one.

or produce numbers using a random or sequential number generator); *Lord*, 2018 WL 3391941, at *3.

### III.   Plaintiff Fails to State a Claim for Invasion of Privacy Under Texas Law.

Plaintiff fails to state a claim for an intentional invasion of privacy under Texas common law.  FAC ¶ 41 (pleading "intentional invasion").  To establish an actionable claim of invasion of privacy, a plaintiff must show "(1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person." *Cunningham v. Politi*, 2019 WL 2517085, at *7.  The types of intrusions that can serve as the basis of this intentional tort of invasion are "a physical intrusion or eavesdropping on another's conversation with the aid of wiretaps, microphones, or spying."  *Id.* Plaintiff fails to allege these threshold elements.

First, Plaintiff's claim for invasion of privacy is entirely derivative of his TCPA claim in Count 2.  FAC ¶¶ 25-38.  Thus, to the extent Count 2 fails, so does Count 3.  FAC ¶¶ 39-47.

Second, Plaintiff makes no allegations (none) that any of the calls to him constituted a physical intrusion or were somehow eavesdropping.  Undeniably, they were neither.  As other courts have held when considering telephone calls under far more extreme circumstances than those present here, the failure to allege a physical intrusion or eavesdropping requires dismissal. *See Cunningham v. Politi*, 2019 WL 2517085, at *7 (dismissing invasion of privacy claim where calls falsely alleging plaintiff was engaged in insurance fraud were not actionable, nor of the type "that would be highly offensive to a reasonable person."); s*ee Cunningham v. Mark D. Guidubaldi & Assocs., LLC*, 2019 WL 1119365, at *10 (E.D. Tex. Jan. 11, 2019), *report and recommendation adopted*, 2019 WL 1117915 (E.D. Tex. Mar. 11, 2019) (same); *Cunningham v. Greenstar Capital Sols., LLC*, No. 4-18-CV-000161-ALM-CAN, 2018 WL 4572711, at *6 (E.D.

Tex. Aug. 1, 2018) (same), *report and recommendation adopted*, No. 4:18-CV-161, 2018 WL 4567706 (E.D. Tex. Sept. 24, 2018).

Third, Plaintiff's conclusory allegations that calls and texts to his phone were "unsolicited, unreasonable, unjustified, and unwarranted" merely restate—without any factual enhancement—factors a court considers when reviewing the cause of action. AC ¶ 42. Indeed, Plaintiff admits all the calls went unanswered and fails to allege any facts regarding his whereabouts or his activities at the time of the alleged calls and texts. It is thus not plausible that his "solitude, seclusion, or private affairs or concerns" were somehow invaded, let alone in a manner that was "highly offensive" to a reasonable person. Undeniably, they were not, and Count 3 should be dismissed for this additional reason. *Politi*, 2019 WL 2517085, at *7; *Mark D. Guidubaldi & Assocs., LLC*, 2019 WL 1119365, at *10; *Greenstar Capital Sols., LLC*, 2018 WL 4572711, at *6.

**IV.    If the Court Does Not Dismiss the FAC, it Should Stay the Case in the Alternative Because of a Pending Petition for Certiorari to the U.S. Supreme Court.**

In the event the Court declines to dismiss Counts 2 and 3 for the reasons set forth in this Motion, Quicken Loans respectfully requests the Court stay the proceedings in this case until the United States Supreme Court decides whether to grant certiorari in *Duguid v. Facebook, Inc.*, No. 19-511 (filed Oct 17, 2019).[3] In that case, Facebook has petitioned the Supreme Court to review the constitutionality of the ATDS provision of the TCPA and the proper interpretation of the definition of an ATDS, as both issues are subject to a current circuit split. To the extent this Court disagrees with the majority of courts (and Quicken Loans in this Motion) on the definition of an ATDS, this Court should stay this matter pending the Supreme Court's decision because

---

[3] No stay is required if only Count 1 remains because that claim does not implicate the TCPA provisions that are the subject of the pending certiorari petition in *Duguid*.

resolution of the definition of an ATDS (and the TCPA's constitutionality) would be determinative of the outcome in this case. The continued need to resolve the acknowledged circuit conflict on the ATDS definition, and the federal government's status as intervenor before the Ninth Circuit, both make a grant of certiorari highly likely. *Duguid v. Facebook, Inc.*, No. 17-15320 (9th Cir.), Dkt. No. 50.

This Court should grant a stay pursuant to its inherent authority to control its docket, and to save judicial and party resources by avoiding potentially unnecessary and burdensome discovery and litigation. Fed. R. Civ. P. 1; *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quotation marks omitted). When deciding whether to stay a case, courts generally consider prejudice to the parties, the impact a stay will have on the issues in question, the progress of the litigation, and the interests of the court. *See Micrografx, LLC v. Google, Inc.*, 2014 WL 12580455, at *1 (N.D. Tex. July 9, 2014); *see also SuperMedia Inc. v. Bell*, 2012 WL 5389683, at *1 (N.D. Tex. Nov. 2, 2012). Importantly, a court may consider the impact the stay would have on resolving or simplifying the issues of the case. *See Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 482 (N.D. Tex. 2016) (Courts consider "the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay").

Here, Quicken Loans requests this stay at the initial stages of this litigation. Plaintiff only recently filed his Amended Complaint and no discovery or other events in the lawsuit have yet to occur. As such, the parties will not suffer any prejudice from a stay. Further, a stay will likely simplify the issues in this case. Should the Supreme Court grant *certiorari*, it will in turn

resolve an ongoing dispute regarding the constitutionality of the ATDS provision of the TCPA and the statutory definition of an ATDS, and any subsequent decision will likely prove outcome determinative to this case. For instance, if the Supreme Court concludes the ATDS provision is unconstitutional, one possible remedy is that it will strike down that section of the TCPA in its entirety, meaning Plaintiff's claim in Count 2 will disappear. Likewise, if the Court agrees with this Court's prior order and the majority of courts that random or sequential number generation is a necessary function of an ATDS, it will set the legal standards by which this Motion and this case must be resolved, and help the parties to tailor fact and expert discovery going forward. If the Court disagrees with the majority position, then fact and expert discovery will be drastically different. Yet, engaging in discovery at this time would only serve to increase the parties' expenses when the Supreme Court's decision will either avoid the need for discovery entirely, or dictate its course as to the proper standards of what constitutes an ATDS. *See Lambert v. Buth-Na-Bodhaige, Inc.*, 2014 WL 4187250, at *3 (E.D. Cal. Aug. 21, 2014) ("all parties will be spared the costs of discovery that could be rendered moot").

All relevant factors weigh in favor of granting a stay pending a decision from the Supreme Court. *See Micrografx, LLC v. Google, Inc.*, 2014 WL 12580455, at *1 (N.D. Tex. July 9, 2014) (granting stay pending an outcome determinative decision). Accordingly, Quicken Loans respectfully requests that, absent a dismissal of Count 2, this Court stay the case until after the Supreme Court decides whether to hear *Duguid*.

## CONCLUSION

For the reasons stated above and in the Motion to Dismiss, Quicken Loans respectfully submits that this Court should grant the Motion pursuant to Fed. R. Civ. P. 8 and 12(b)(6) and dismiss the Complaint with prejudice. In the alternative, the Court should stay this action.

11

## REQUEST FOR ORAL ARGUMENT

Quicken Loans hereby requests a hearing on its Motion to Dismiss.  Quicken Loans believes that oral argument will aid this Court in consideration of the issues presented in the Motion.

Respectfully submitted,

By: */s/ C. Vernon Hartline, Jr.*
      **C. VERNON HARTLINE, JR.**
      State Bar No. 09159500
      hartline@flash.net
      **HARTLINE BARGER LLP**
      8750 N. Central Expressway, Suite 1600
      Dallas, Texas 75231
      214-369-2100 (telephone)
      214-369-2118 (facsimile)

      **DARRELL L. BARGER**
      Texas Bar No. 01733800
      dbarger@hartinebarger.com
      **HARTLINE BARGER LLP**
      1980 Post Oak Blvd., Suite 1800
      Houston, Texas 77056
      (713) 759-1990 (telephone)
      (713) 652-2419 (facsimile)

      W. Kyle Tayman
      *Admitted pro hac vice*
      **GOODWIN PROCTER** LLP
      901 New York Ave., N.W.
      Washington D.C. 20001
      Tel.: (202) 346-4000
      Fax: (202) 346-4444
      markdavis@goodwinlaw.com
      ktayman@goodwinlaw.com

      **ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of October, 2019, a correct copy of the foregoing was electronically filed and served on all parties of record via the Court's CM/ECF system.


*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**